IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 15-173-1 |
| | : | CIVIL ACTION NO. 20-2547 |
| DEMETRIUS DARDEN | : | |

## <u>MEMORANDUM OPINION</u>

Smith, J.                                                                      September 30, 2021

In 2015, the *pro se* movant pleaded guilty to unlawfully possessing a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In 2019, the United States Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in which the Court concluded that, when prosecuting an individual for violating section 922(g)(1), the government must prove both that the defendant knew the defendant (1) possessed a firearm and (2) belonged to the relevant category of persons barred from possessing a firearm. Relying on *Rehaif*, the movant has filed a motion seeking habeas relief under 28 U.S.C. § 2255 claiming that the court should vacate his section 922(g)(1) conviction because, *inter alia*, he never admitted to knowing that he belonged to the relevant category of persons barred from possessing a firearm during his plea colloquy.

The government opposes the motion by arguing that this claim is procedurally defaulted because the movant never raised it prior to filing the instant motion. As discussed below, the court agrees with the government that this claim is procedurally defaulted. The court also finds that this default cannot be excused. Accordingly, the court will deny the section 2255 motion.

## I.        BACKGROUND AND PROCEDURAL HISTORY

On March 20, 2015, Demetrius Darden ("Darden") and an associate were thrown out of a bar in North Philadelphia. *See* Gov't's Change of Plea Mem. at 6, Doc. No. 38. Afterwards, they got into an argument outside the bar with a third man, left the area briefly, and returned with

shotguns. *Id*. at 7. When police officers arrived on the scene, they ordered Darden to drop his weapon. *Id.* Instead of dropping his weapon, Darden turned and ran. *Id.*

The grand jury returned an indictment charging Darden and his associate with unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1)[1] on April 23, 2015.[2] *See* Doc. No. 1. Darden pleaded guilty to the sole charge in the indictment before the Honorable L. Felipe Restrepo on July 1, 2015. On October 15, 2015, Judge Restrepo sentenced Darden to a period of incarceration of 70 months to be followed by three years of supervised release. *See* Doc. No. 54. Darden did not file a direct appeal.

On May 18, 2020, Darden filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. No. 76.[3] The government filed a response in opposition to the motion on August 13, 2020. Doc. No. 79. Darden filed a reply to the government's opposition on October 13, 2020. Doc. No. 80. Darden's section 2255 motion is ripe for disposition.

## II.    DISCUSSION

### A.    The Parties' Arguments

In his section 2255 motion, Darden claims that he is entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and 924(a)(2), the Government must prove both that the defendant knew

---

[1] Section 922(g), in relevant part, makes it unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1).

[2] Darden had already twice been convicted of possession with intent to deliver controlled substances and had served about five years in state prison. *See* Gov't's Resp. in Opp'n to Def.'s Mot. Under 28 U.S.C. § 2255 at 2 ("Gov't's Resp."), Doc. No. 79 ("At the time of the [events at issue in this case], Darden had twice been previously convicted of possession with intent to deliver (PWID) controlled substances, a felony, in the Court of Common Pleas of Philadelphia County—once in November 2006 and once in February 2007."); *see also* Gov't's Change of Plea Mem. at 7, Doc. No. 38 ("Other evidence would establish that on September 4, 2008, the defendant was convicted of an offense punishable by more than one year's imprisonment.").

[3] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Here, Darden included a declaration that he provided his section 2255 motion to prison officials for mailing to the clerk of court on May 18, 2020. *See* Doc. No. 76 at ECF p. 12. The court has used this date as the filing date.

he possessed a firearm and that he knew he belonged to the relevant category of persons barred

from possessing a firearm." 139 S. Ct. at 2200. Here, Darden claims that he was inebriated at the

time he possessed the shotgun so he could not know that his actions were unlawful. Mot. Under

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody ("Mot.")

at ECF p. 4, Doc. No. 76. He also argues that he "was . . . unaware that his status as a convicted

felon made it unlawful for him to possess a firearm because he was never informed that his status

as a felon barred him from possessing one." *Id.* He further states that "[t]he record in this matter

is completely void that the government offered any proof [of his] knowledge that his conduct or

status was a violation of Federal law." *Id.*[4]

---

[4] The court notes that Darden also claims that he timely filed his section 2255 motion because he based the motion on *Rehaif*, which was an intervening change in applicable law under 28 U.S.C. § 2255(f)(3). The government concedes that Darden timely filed the motion. *See* Gov't's Resp. at 3 ("[T]he claim is timely, as the defendant filed the motion within one year of the *Rehaif* decision." (citing 28 U.S.C. § 2255(f)(3))).

Despite the government conceding that the motion is timely, the court notes that it is not necessarily clear that the motion is timely. Section 2255(f)(3) provides that the one-year limitation period for filing section 2255 motions "shall run from the latest of-- . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). While the court agrees with the parties that Darden filed the motion within one year of the date the Court decided *Rehaif*, which was June 21, 2019, the issue that neither side discusses is whether *Rehaif* has been made retroactively applicable to cases on collateral review.

Regarding the retroactivity of *Rehaif*, the Third Circuit has not addressed this issue in the context of a non-second or successive section 2255 motion. *Cf. In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) (concluding that "Sampson's claim fails to meet the standard for certification of a second or successive § 2255 motion [because] *Rehaif* did not state a rule of constitutional law at all. Rather, it addressed what the *statutes* enacted by Congress require for a conviction under 18 U.S.C. § 922(g) and 924(a)(2). . . . At all events, it did not set forth a new rule of *constitutional* law as contemplated by § 2255(h)." (citation omitted)). The Third Circuit's ultimate decision regarding second or successive habeas petitions/motions would appear at first glance to be inapplicable to the timing for filing original section 2255 motions because the applicable statutory language is different. *See Boatwright v. Warden Fairton FCI*, 742 F. App'x 701, 703 (3d Cir. 2018) (per curiam) ("Unlike new rules permitting successive § 2255 motions, new 'rights' triggering § 2255(f)(3) need not be constitutional. Thus, if *Mathis*[ *v. United States*, 136 S. Ct. 2243 (2016)] recognized a new right for purposes of § 2255(f)(3), then Boatwright's petition would be timely if brought as a § 2255 motion because he filed it within one year of the date *Mathis* was decided." (internal citations and footnote omitted)); *United States v. Lloyd*, 188 F.3d 184, 187 n.8 (3d Cir. 1999) ("We read the requirement of a newly recognized right as broader than the 'new rule of constitutional law' expressly required for second or successive § 2255 motions."), *abrogated on other grounds by Dodd v. United States*, 545 U.S. 353, 357 (2005). *Compare* 28 U.S.C. § 2255(h)(2) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- . . . (2) *a new rule of constitutional law*, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (emphasis added)), *and* 28 U.S.C. § 2244(b)(2)(A) (providing that "claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--(A) the applicant shows that **the claim relies on a new rule of constitutional law**, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" (emphasis added)), *with* 28 U.S.C. § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion

In response to the motion, the government acknowledges that Darden never admitted to

having knowledge of the pertinent status when pleading guilty because it was not required at the

time. *See* Gov't's Resp. at 3. Nonetheless, the government argues that Darden is not entitled to

relief because the claim is procedurally defaulted. *See id.* at 3–4. In this regard, the government

points out that Darden did not raise a claim at trial or on direct appeal that his conviction under

section 922(g) is invalid because he did not admit to knowing that he belonged to the relevant

category of persons prohibited from possessing a firearm (or that he did not know that he had a

---

under this section. The limitation period shall run from the latest of-- . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, ***if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review***[.]" (emphasis added)). Nonetheless, the Third Circuit seemed to acknowledge that the Supreme Court did not make *Rehaif* retroactive to cases on collateral review. *See In re Sampson*, 954 F.3d at 161 n.3 ("[E]ven if *Rehaif* had set forth a new rule of constitutional law, it would need to be made retroactive to cases on collateral review by the Supreme Court."); *see also United States v. Vilella*, Crim. A. No. 16-CR-285-2, 2020 WL 6136139, at *2 (E.D. Pa. Oct. 19, 2020) ("While the [Third Circuit in *In re Sampson*] was ruling on a successive § 2255 motion, the logic of the decision still suggests the Third Circuit would determine that an initial § 2255 claim under *Rehaif* could not overcome the retroactivity bar via the 'substantive rule' exception.").

Among district courts in this circuit, they have reached conflicting decisions about whether *Rehaif* has been made retroactively applicable to cases on collateral review for purposes of section 2255(f)(3). *Compare United States v. Roberts*, Crim. A. No. 15-387, 2020 WL 6700918, at *2 n.3 (E.D. Pa. Nov. 13, 2020) (concluding that *Rehaif* is retroactively applicable to cases on collateral review), *with United States v. Zareck*, Crim. No. 09-168, 2021 WL 4391393, at *73 (W.D. Pa. Sept. 24, 2021) ("Courts have held, however, that *Rehaif* set forth a procedural rule—not a substantive rule or a watershed rule of criminal procedure. Under those circumstances, *Rehaif* does not apply to Zareck's case and he cannot rely upon the case to assert his actual innocence. To permit Zareck to supplement his § 2255 motion with an argument of actual innocence under *Rehaif*, therefore, would be futile."), *and Brown v. United States*, Civ. A. No. 20-8965 (SDW), 2021 WL 120677, at *1 (D.N.J. Jan. 13, 2021) ("As the Third Circuit has recently explained, *Rehaif* neither created a new 'right' by announcing a new rule of constitutional law, nor was it made retroactive to collateral review cases." (citations omitted)); *United States v. McArthur*, Crim. A. No. 16-53, 2020 WL 3064293, at *2 (W.D. Pa. June 9, 2020) (interpreting *Sampson* to mean that *Rehaif* did not create new rule of constitutional law and therefore could not be retroactively applied to non-successive section 2255 motions). Regarding appellate decisions outside of this circuit, the decisions about *Rehaif's* retroactivity concerning original section 2255 motions are also in conflict. *Compare Baker v. United States*, 848 F. App'x 188, 189–90 (6th Cir. 2021) (indicating that in *Kelly v. United States*, No. 20-5448 (6th Cir. Feb. 5, 2021), court determined that *Rehaif* applies retroactively to cases on collateral review), *with United States v. Scuderi*, 842 F. App'x 304, 305 (10th Cir. 2021) (refusing to disturb district court's dismissal of section 2255 motion based on *Rehaif* for untimeliness because neither Supreme Court nor any Court of Appeals had determined (by time of district court's decision) that *Rehaif* was retroactive), *and Young v. United States*, No. 20-10334-G, 2020 WL 4334037, at *1 (11th Cir. Apr. 29, 2020) ("Mr. Young's [section 2255] motion was not timely under § 2255(f)(3) because *Rehaif* does not constitute a new right made retroactively applicable." (citation omitted)).

Although this court expresses significant doubts as to whether *Rehaif* has been made retroactive to cases on collateral review, as the government has conceded to the timeliness of the instant motion, the court will presume that the motion is timely. *Cf. United States v. Bendolph*, 409 F.3d 155 (3d Cir. 2005) (concluding that "courts have the power to raise the AEDPA limitations issue *sua sponte* in cases arising under 28 U.S.C. §§ 2254 and 2255," but must give petitioner or movant notice and an opportunity to respond to timeliness issue before deciding it).

shotgun). *See id.* at 3–4. As such, it asserts that Darden's *Rehaif* claim is procedurally defaulted. *See id.*

The government also contends that the court should not excuse Darden's procedural default. It first argues that Darden cannot show cause and prejudice to excuse the default. *See id.* at 4. The government notes that even though the claim in *Rehaif* was unsuccessful in the Courts of Appeals prior to the Supreme Court's resolution in the case, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time, unless the claim . . . is so novel that its legal basis is not reasonably available to counsel." *Id.* at 4 (internal quotation marks omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 622–23 (1998)). The government argues that the *Rehaif* issue was not novel because it "was thoroughly and repeatedly litigated in the courts of appeals over the last three decades." *Id.*

In addition to Darden's inability to show cause and prejudice, the government asserts that Darden's default cannot be excused by ineffective assistance of counsel. *See id.* In particular, the government notes that counsel cannot be ineffective for not "mak[ing] meritless objections under then-existing precedent, anticipat[ing] changes in the law, or rais[ing] every potentially meritorious claim." *Id.* (quoting *United States v. Garza*, 340 F. App'x 243, 244–45 (5th Cir. 2009) (per curiam)).

Finally, the government argues that Darden has not shown that he is actually innocent. It asserts that Darden has mistakenly identified the relevant inquiry insofar as he contends that he did not know that his status as a felon prevented him from possessing a firearm. *See id.* Instead, all the government must do is show that he "knew his status as a person previously convicted of a crime punishable by more than a year in prison." *Id.* at 5–6 (citing cases). Thus, to show actual innocence, the government contends that Darden must show that "it is more likely than not that,

5

upon considering all available evidence, no reasonable juror would conclude that he knew of his status as a person convicted of a crime punishable by more than a year." *Id.* at 6. The government asserts that Darden cannot do that here because (1) he was previously sentenced in the Court of Common Pleas of Philadelphia County to a term of imprisonment for more than one year for his prior drug trafficking offenses, and (2) he served almost five years in state prison prior to committing the offense in this case. *See id.* at 7.

In response to the government's arguments, Darden modifies his argument from his motion. He now asserts that his guilty plea was not knowingly and intelligently made because he was never informed that an element of the offense required him to know that he belonged to a class of persons barred from possessing a firearm. *See* Pet'r's Reply to the Gov't's Resp. in Opp'n to Pet'r's Title 28 U.S.C. § 2255 Mot. at 1, 6, Doc. No. 80. He also claims that his "claims are squarely in line with the holding in *United States v. Gary*, 954 F.3 194 (4th Cir. 2020)" because like the defendant in that case, he never admitted to knowing his status as a convicted felon. *Id.* at 4–5. He also argues that the court should apply the Third Circuit Court of Appeals' decision in *United States v. Nasir*, 982 F.3d 144 (2020), to this case because the Third Circuit concluded that "the defendant's conviction under 18 U.S.C. § 922(g) could not stand because literally no evidence was presented as to the defendant's knowledge of his status as a felon[.]" *See* Mar. 11, 2021 Ltr. at 1, Doc. No. 81.

### B.   Legal Standard Applicable to Section 2255 Motions

Darden has filed the instant motion under section 2255, which allows an individual serving a federal sentence to "move the court which imposed the sentence to vacate, set aside or correct the sentence" based

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Ultimately,

[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

*Id.* § 2255(b).

When seeking collateral relief under section 2255,

["]a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Because of the great interest in finality of judgments, an error which may "justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979); *Frady*, 456 U.S. at 164, 102 S.Ct. at 1592-93. Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087 (footnote omitted). This is because "'the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.'" *Id.* (quoting *United States v. Smith*, 440 F.2d 521, 528-29 (7th Cir.1971) (Stevens, J., dissenting)).

*United States v. Cleary*, 46 F.3d 307, 310 (3d Cir. 1995) (internal footnote omitted).

In addition,

a motion pursuant to 28 U.S.C. § 2255 is reviewed much less favorably than a direct appeal of the sentence. [*Frady*, 456 U.S. at 167–68]. Indeed, relief under § 2255 is available only when "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and ... 'present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

*United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014).

When the sentencing court reviews a section 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b); *see United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005) ("The district court is required to hold an evidentiary hearing unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." (citation and internal quotation marks omitted)). In deciding whether to hold an evidentiary hearing, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In addition, the section 2255 movant must satisfy a "reasonably low threshold" to justify the district court holding an evidentiary hearing. *See United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (citation and internal quotation marks omitted).

## C.  Analysis

As indicated above, Darden's section 2255 motion is based solely on *Rehaif*. This court recognizes that "[a] defendant may seek relief under § 2255 if a subsequent court decision makes clear that the 'conviction and punishment were for an act that the law does not make criminal.'" *United States v. Joseph*, Crim. A. No. 10-664-KSM, 2021 WL 2936056, at *2 (E.D. Pa. July 12, 2021) (quoting *Davis*, 417 U.S. at 346). Nonetheless, based on the files, records, and submissions in this case, the court finds that Darden is conclusively not entitled to relief based on *Rehaif*. More specifically, Darden's claim is procedurally defaulted and there is no ground upon which to excuse the default. Therefore, the court concludes that an evidentiary hearing is not warranted in this case.

Regarding procedural default, it is undisputed that Darden never filed a direct appeal and, thus, this is the first time he is asserting this claim relating to the alleged deficiency in his plea. "A

collateral challenge may not do service for an appeal." *Frady*, 456 U.S. at 165 (citations omitted); *see United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000) ("Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." (citations omitted)), *abrogated on other grounds by Gonzalez v. Thaler*, 565 U.S. 134 (2012). "Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review." *Hodge v. United States*, 554 U.S. 372, 378–79 (3d Cir. 2009) (citing *Bousley*, 523 U.S. at 621). Thus, "a movant has procedurally defaulted all claims that he neglected to raise on direct appeal." *Id.* (citing *Bousley*, 523 U.S. at 621).

Since Darden failed to raise any argument included in his section 2255 motion, including the issues pertaining to his knowledge (or lack of knowledge) about his status as a person prohibited from possessing a firearm, on direct appeal (particularly since he did not file a direct appeal), his claims raised in the motion are procedurally defaulted. Nevertheless, "courts will exempt a movant from that rule if [the movant] can prove either that [the movant] is actually innocent of the crime for which [the movant] was convicted, or that there is a valid cause for the default, as well as prejudice resulting from the default." *Id.* (citing *Bousley*, 523 U.S. at 622). As discussed below, there is no basis in this case to exempt Darden from the procedural default.

In the first instance, Darden has not shown a valid cause for the default. Technically, Darden has not included a specific argument relating to his cause for the default. Nonetheless, the court would presume he would assert that he could not have raised the claim previously because *Rehaif* was not decided at the time he entered his plea or when he would have had to file a direct appeal.

If this is Darden's argument, it lacks merit. Undeniably, *Rehaif* was not available to Darden or his counsel at the time Darden pleaded guilty or was sentenced in this matter. Yet only "a claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default." *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)).[5] Numerous courts have determined that *Rehaif* did not present a novel claim and, as such, the section 2255 movant failed to show cause to excuse a procedural default. *See, e.g.*, *Pollard*, 2021 WL 3823626, at *3 (concluding that section 2255 movant raising claim for relief under *Rehaif* failed to show cause because "[t]hough his claim may have been futile, it was not novel—the tools to construct and raise the argument were readily available to him"); *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020) ("*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default" (citations omitted)); *Stoner v. United States*, No. 1:16-cr-357-1, 2021 WL 3472385, at *4 (M.D. Pa. Aug. 6, 2021) ("With regard to cause, the Court finds that Petitioner cannot establish that his [*Rehaif*] claim is 'so novel that its legal basis [was] not reasonably available to counsel' at the time of his direct appeal." (second alteration in original) (quoting *Bousley*, 523 U.S. at 622)); *Joseph*, 2021 WL 2936056, at *3 ("Mr. Joseph's claim is not a novel one and was reasonably available to his counsel. Indeed, the issue ultimately decided in *Rehaif* had been litigated in lower courts since at least 1991 and consistently up until and through Mr. Joseph's 2011 trial and conviction." (citations omitted)); *United States v. Robinson*, No. 2:14-cr-455-JDW,

---

[5] In *Reed*, the Court

> outlined three situations when defense counsel would not have had a "reasonable basis" to raise a claim: the Supreme Court (1) explicitly overrules its precedent; (2) "overturn[s] a longstanding and widespread practice to which [it] has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; or (3) disapproves a practice that it "arguably ha[d] sanctioned in prior cases."

*United States v. Pollard*, -- F.4th --, No. 20-15958, 2021 WL 3823626, at *3 (9th Cir. Aug. 27, 2021) (citing *Reed*, 468 U.S. at 17).

2021 WL 2633629, at *3 (E.D. Pa. June 25, 2021) ("The claim that Mr. Robinson lacked knowledge of his status that prohibited him from possessing a firearm was not so novel that it was not reasonably available to his counsel at the time of his conviction. Indeed, the issue had been percolating in the courts for years." (citations omitted)); *cf. United States v. Whitaker*, Crim. A. No. 14-393, 2020 WL 7480396, at *4 n.3 (E.D. Pa. Dec. 18, 2020) (explaining that "[w]hether cause for the default exists presents 'a close question' that ultimately the Court need not answer in this case. Even if *pro se* defendant can establish cause, he cannot establish prejudice resulting from the procedural default" (citing *Roberts*, 2020 WL 6700918, at *4). This court agrees with these numerous decisions and finds that Darden has failed to show cause because his challenge to his plea based on a lack of knowledge of the relevant status was not so novel that it was not reasonably available to his counsel at the time of his plea and sentence.[6]

Even if Darden could somehow show cause, he has failed to show prejudice. Regarding the requirements for a showing of prejudice,

> [a] defendant can establish prejudice by showing that the alleged error worked to the defendant's "actual and substantial disadvantage." *Frady*, 456 U.S. at 170. In the context of a guilty plea, a defendant "must show that there is a reasonable probability that but for [the] errors, he would not have pleaded guilty and would have instead insisted on going to trial." *Hill v. Lockhart*, 47[4] U.S. 52, 59 (1985).

*Robinson*, 2021 WL 2633629, at *2.

While Darden goes to great lengths to argue that the failure to advise him that the government would have to prove that he knew he belonged to the relevant category of persons

---

[6] The government also argues that the procedural default cannot be excused based on the ineffective assistance of Darden's counsel. *See* Gov't Resp. at 4. The court notes that Darden did not raise the possible ineffective assistance of his counsel as a basis to excuse the default, Nevertheless, even if he did, his claim would lack merit. *See United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015) ("But we note that his attorney's performance could not excuse a procedural default (if there were a default), as we have held that failing to predict a change in the law is not deficient performance." (citing *Sistrunk v. Vaughn*, 96 F.3d 666, 672 (3d Cir. 1996))); *Robinson*, 2021 WL 2633629, at *3 ("Mr. Robinson also cannot rely on an argument about ineffective assistance of counsel as cause [because] a lawyer's failure to predict a change in the law does not render his performance deficient." (citing *Doe*, 810 F.3d at 154)).

barred from possessing a firearm rendered his plea unknowing and involuntary, he never once discusses prejudice. Or, more specifically, he never claims that had he been informed of this requirement he would have decided to not plead guilty and take his case to trial. Accordingly, there is no showing of prejudice in this case.

As there is no cause and prejudice to excuse the default, the only way for this court to review Darden's claim is if "he can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" *Bousley*, 523 U.S. at 623 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To establish actual innocence, Darden "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal quotation marks omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

As with prejudice, at no point in Darden's submissions does he assert that he was actually innocent of the section 922(g) offense. The closest he comes to doing so is in the section 2255 motion when he claims that he "was inebriated at the time he possessed an unloaded shotgun" and "was also unaware that his status as a convicted felon made it unlawful for him to possess a firearm because he was never informed that his status as a felon barred him from possessing one." Mot. at ECF p. 4. Neither of these claims remotely show his actual innocence.

With these claims, Darden appears to assert that he lacked the required *mens rea* because he was inebriated and did not know felons like him could not possess firearms. *Rehaif* addresses neither of these issues. Rather, *Rehaif* only requires that the prisoner "knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. *Rehaif* does not require knowledge of the law, but the facts underlying the law. *Id.* Indeed, Darden contests

neither the fact that he knew he had a gun nor that he knew he was a felon.[7] As such, Darden's claims do not demonstrate actual innocence. *See, e.g.*, *United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020) ("*Rehaif*'s discussion of 'the well-known maxim that 'ignorance of the law' (or a 'mistake of law') is no excuse' makes doubly clear that § 922(g) requires knowledge only of status, not knowledge of the § 922(g) prohibition itself."); *Joseph*, 2021 WL 2936056, at *3 ("Although '*Rehaif* requires the government to prove that a defendant knew of his illegal alien status' or his status as a felon, 'it does not require proof that defendant knew his possession of a firearm was illegal.'" (quoting *United States v. Morales-Ortiz*, Crim. A. No. 11-143, 2020 WL 7246913, at *3 (E.D. Pa. Dec. 9, 2020))).

Although the court has now determined that the default in this case cannot be excused for cause and prejudice or actual innocence, the court will also address Darden's arguments that *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) and *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc) support his request for habeas relief in this case. In *Gary*, the Fourth Circuit Court of Appeals held that the defendant did not knowingly and intelligently plead guilty to a section 922(g)(1) charge because the district court had accepted the plea without informing the

---

[7] As the government notes in its brief, Darden admitted to possessing the shotgun on the night in question. *See* Gov't's Resp. at 6. In addition, the record demonstrates that a jury would have found Darden guilty of knowing he was a felon. Darden received a sentence of state imprisonment for a minimum of three years to a maximum of eight years based on a guilty plea he entered in the Court of Common Pleas of Philadelphia County in September 2008. *See* Docket, *Commonwealth v. Darden*, No. CP-51-CR-13616-2007 (Philadelphia Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0013616-2007&dnh=rsbINPh5t60KbFN4NXVqcQ%3D%3D; *see also* Gov't's Resp. at 7. Darden served almost five years of this sentence. Thus, a reasonable jury would not have determined that Darden did not know his status as a felon (that he had been convicted of a crime punishable by more than one year in prison) based on the sentence imposed and the amount of time Darden served in state prison. *See, e.g.*, *Zareck*, 2021 WL 4391393, at *77 ("[I]n 1991, a Pennsylvania jury found Zareck guilty of four drug offenses. Zareck was sentenced at two of the four counts to a term of imprisonment of 3 to 7 years. Zareck served approximately 3 years in prison on those charges. Courts have held that under those circumstances, a defendant cannot show that he is actually innocent of violating § 922(g)(1) because 'no reasonable juror' could find that the defendant did not know that he or she was a convicted felon." (internal citations omitted)); *United States v. Saunders*, Crim. A. No. 10-442, 2020 WL 5569785, at *5 (E.D. Pa. Sept. 17, 2020) ("No reasonable juror would ever find that Saunders did not know that he had spent over two years in prison before he possessed a firearm on April 29, 2010.").

13

defendant that the government had to prove that he knew he belonged to a class of persons who were barred from possessing a firearm. 954 F.3d at 198. To put it simply, *Gary* has no application here. *Gary* does not address the topic of procedural default at all and, more importantly, the United States Supreme Court expressly overruled *Gary* in *Greer v. United States*, 141 S. Ct. 2090 (2021).

As for *Nasir*, in that case the Third Circuit Court of Appeals reviewed the defendant's conviction for, among other offenses, a violation of section 922(g). 982 F.3d at 150. The Third Circuit determined that, based on *Rehaif*, the lack of evidence presented at trial relating to whether the defendant knew of his status as an individual prohibited from possessing a firearm was plain error which warranted vacating his section 922(g) conviction. *Id.* at 160, 176.

Like *Gary*, *Nasir* has no application to Darden's case. It is undisputed in this case that the court did not advise Darden that the government would have to prove that he knew he belonged to the relevant category of persons prohibited from possessing a firearm. Consequently, Darden did not admit that he was a felon who could not possess a firearm. Nevertheless, the issue before the court now is whether the court can review a claim that Darden failed to raise on appeal. *Nasir* does not support any argument that Darden had cause for default, that he suffered prejudice for the default, or that he was actually innocent of violating section 922(g). At bottom, it is wholly inapplicable to this court's disposition of the instant section 2255 motion and does not support Darden obtaining habeas relief.

### III.   CONCLUSION

For the reasons set forth above, Darden's *Rehaif* claim raised in the instant section 2255 motion is procedurally defaulted. The court also concludes that there is neither cause or prejudice to excuse the default, nor has there been a sufficient showing of actual innocence to excuse the default. Accordingly, the court will deny Darden's section 2255 motion. The court also declines

14

to issue a certificate of appealability.[8]

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[8] A court should only issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, the district court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*

Here, the court has denied Darden's motion on procedural grounds and has not reached the merits of his underlying claim. Darden has not shown that jurists of reason would find it debatable whether his motion states a valid claim for the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in concluding that his *Rehaif* claim is procedurally defaulted.